```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| NICHOLAS JAMES QUEEN, : | |
| Petitioner : | |
| v. : | CIVIL NO. 3:CV-04-2077 |
| JOSEPH SMITH, : | (Judge Conaboy) |
| Respondent : | |

---

**MEMORANDUM AND ORDER**

**Background**

Nicholas J. Queen, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Service of the petition was previously ordered. Named as Respondent is Warden Joseph Smith of USP-Lewisburg.

Following a jury trial in the United States District Court for the District of Maryland, Petitioner was found guilty of two counts of bank robbery by intimidation under § 2113(d), two counts of armed bank robbery in violation of § 2113(f), and two counts of carrying a firearm during the commission of a crime of violence under 18 U.S.C. 924(c). See United States v. Queen, 73 F.3d 359, 1995 WL 756347 *1 (D. Md. 1995). He was sentenced on September 30, 1994 to a five hundred and sixty-two (562) month term of incarceration.

Queen directly appealed his federal conviction to the United States Court of Appeals for the Fourth Circuit. See id. By Order dated December 21, 1995, the Fourth Circuit affirmed Petitioner's conviction. Queen also unsuccessfully challenged his federal conviction via two unsuccessful motions pursuant to 28 U.S.C. § 2255. See United States v. Queen, 77 F.3d 470 (4th Cir. 1996)(Table)and Queen v. Brennan, No. 04-7042, 2004 WL 2291393 (4th Cir. Oct. 8, 2004). Queen has also been denied leave to file a second or successive § 2255 motion on three (3) occasions.

In his present action, Petitioner claims entitlement to relief based on the United States Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004).[1] Relying on Blakely, he asserts that his sentence was based upon facts "not encompassed with the jury's verdict." Doc. 1, p.1. Petitioner was subsequently granted permission to amend his action to include a claim of actual innocence on the grounds that he did not commit a crime against the United States because the State of Maryland (where the bank robbery occurred) is not "a federal enclave".[2]

---

[1] In Blakely, the Supreme Court stated that the Sixth Amendment did not permit a sentencing judge to increase a sentence "based on facts that were neither reflected in the jury's verdict or admitted by the defendant." United States v. Penaranda, 2004 WL 1551369 *4 (2nd Cir. July 12, 2004).
  The Supreme Court extended its Blakely holding to the Federal sentencing Guidelines and reaffirmed its prior holding in Apprendi. See United States v. Booker, 534 U.S. ___, 125 S.Ct. 738, 756 (2004). The Court stated that the Federal Sentencing Guidelines were not mandates but advisory only.

[2] Queen's actual innocence claim is clearly baseless and will be dismissed without further elaboration.

2

Doc. 4, p. 1.

The Respondent seeks dismissal of Queen's action on the grounds that it is a second or successive petition. Alternatively, Respondent asserts that 28 U.S.C. § 2255 is the Petitioner's exclusive remedy.

## Discussion

**Successive Petition**

The pertinent authority for dismissing successive habeas corpus petitions is found in 28 U.S.C. § 2244(a) and Rule 9(b)[3] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof.

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the

---

[3] Rule 9(b) of the Habeas Corpus Rules provides:
   A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

3

ends of justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim though inexcusable neglect.  Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

In relevant part, section 2244(a) now provides:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.[4]

However, although not expressly referenced in § 2244(a), courts have consistently held that the substantive provisions of section 2244 are applicable to § 2241 habeas petitions brought by federal prisoners.  Felker vs. Turpin, 518 U.S. 651, 664

---

[4] Section 2255 provides in part:
   A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
(28 U.S.C. § 2255(4)).

(1996)(holding that the restrictions on successive petitions found in § 2244, "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'" and applying those principles to an original petition filed under 28 U.S.C. § 2241); Valona vs. United States, 138 F.3d 693, 695 (7th Cir. 1998)(holding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); Chambers vs. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)(dismissing § 2241 petition as successive pursuant to § 2244); Byrd vs. Gillis, 1997 WL 698157, at *1 (E.D. Pa. 1997)(applying § 2244's requirements of second and successive petitions to a petition for writ of habeas corpus filed under 28 U.S.C. § 2241).

It is clear from the record that the Blakely/Booker issues contained in the instant petition for writ of habeas corpus differ from those previously presented to both this Court and the Third Circuit via Queen's prior § 2241 actions.  Three of the Petitioner's prior § 2241 actions dealt with sentence computation errors, while the fourth was filed prior to the Blakely and Booker decisions.  Thus, since Queen arguably could not have included his present claims in his prior habeas corpus actions, the request for dismissal of this action as a successive petition will be denied.

**§ 2255**

The usual avenue for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is a § 2255 motion in the sentencing court.  In re Dorsainvil, 119 F.3d 245,

5

249 (3d Cir. 1997). Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. <u>Strollo v. Alldredge</u>, 463 F.2d 1194, 1195 (3d Cir.), <u>cert. denied</u>, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" <u>Myers v. Booker</u>, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996)), <u>cert. denied</u>,122 S.Ct. 1951 (2002).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

<u>United States v. Brooks</u>, 230 F.3d 643, 648 (3d Cir. 2000) (citing

6

United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (same).  As noted by the Court of Appeals for the Fifth Circuit, a petitioner has the burden to prove that the remedy afforded by § 2255 is inadequate or ineffective.  Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Satisfaction of this burden cannot be accomplished by showing that a prior § 2255 motion has been denied.  In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).

To allow Queen to file a habeas petition in his district of confinement asserting similar claims raised in a previous unsuccessful § 2255 action would obliterate congressional attempts to promote finality in federal criminal cases.  However, this Court also recognizes that the Blakely/Booker decisions were announced after review of Queen's initial § 2255 action was completed.  Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a § 2255 remedy inadequate and ineffective.  The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251.  "To

hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." <u>Kennemore v. True</u>, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the <u>Triestman</u> and <u>Dorsainvil</u> courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. <u>Triestman</u>, 124 F.3d at 377; <u>Dorsainvil</u>,119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. <u>Triestman</u>, 124 F.3d at 366; <u>Dorsainvil</u>, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Queen does not assert that his present action is based on any newly discovered evidence. He also has not established that the <u>Blakely</u>/<u>Booker</u> decisions are retroactively applicable to cases on collateral review. Unlike <u>Dorsainvil</u>, Petitioner's present claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Fundamental to <u>Dorsainvil</u>, was the fact that the petitioner may actually be innocent of the crime charged. In this case, Queen has failed to present any allegations suggesting that he was not involved in the

alleged underlying criminal activity. Rather, his claims are based on sentencing related issues, namely, that his sentence was improperly enhanced. Consequently, it is apparent that the claims for relief pending before this Court have nothing to do with the actual question of Petitioner's guilt.

With respect to his Blakely/Booker claim, a review of those decisions provides that they have not been made retroactive to cases on collateral review. In Tyler v. Cain, 533 U.S. 656, 663 (2001),[5] the Supreme Court established that a new rule of law is not made retroactive to cases on collateral review unless the Court itself holds it to be retroactive. A review of Blakely/Booker reveals that there is no indication that said decisions were determined to have retroactive effect.

Recently, the Court of Appeals for the Third Circuit held that Blakely/Booker decisions do not have retroactive effect. See Lloyd v. United States, 2005 WL 1155220 (3d Cir. May 17, 2005); see also Oriakhi v. United States, Civ. No. 3:CV-04-36, slip op. at p. 3 (M.D. Pa. March 3, 2005)(Vanaskie, C.J.)(the Supreme Court has not directed that Blakely can be retroactively applied to

---

[5] While Tyler specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim. This is so because a § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to § 2254 and was intended to mirror § 2254 in operative effect. United States v. Vancol, 916 F. Supp. 372, 377, n.3 (D. Del.)(citing Reed v. Farley, 512 U.S. 339, 353 (1974)). Precedent under § 2254 and § 2255 may be used interchangeably. Vancol, 916 F. Supp. at 377 n.3 (citing Kaufman v. United States, 394 U.S. 217, 224-27 (1969)).

cases on collateral review).

Since <u>Blakely</u>/<u>Booker</u> cannot presently be applied retroactively to cases on collateral review, this Court is precluded from considering Queen's petition. See <u>United States v. Pinkston</u>, 153 F. Supp. 2d 557 (M.D. Pa. 2001).  It is noted that <u>Tyler</u> held that a new rule is made retroactive to cases on collateral review only if the Supreme Court holds it to be retroactively applicable to cases on collateral review.  <u>Tyler</u>, 533 U.S. at 633.

Based on the foregoing analysis, in this case the fact that <u>Blakely</u>/<u>Booker</u> were decided after conclusion of Petitioner's direct appeal and initial § 2255 action, does not allow him to assert his claims as a § 2241 petition.  Therefore, an application to the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion is the only vehicle available to Petitioner.

Consequently, the petition for writ of habeas corpus will be dismissed without prejudice.  Queen, if he so chooses, may reassert any <u>Blakely</u>/<u>Booker</u> claim by filing an application for leave to file a second or successive § 2255 petition.  An appropriate Order will enter.

AND NOW, THIS 6th  DAY OF JUNE, 2005, for the reasons set forth in the foregoing Memorandum, it is hereby Ordered that:

> 1.  The petition for a writ of habeas corpus is dismissed without prejudice.

      2.    The Clerk of Court is directed to close the case.

      3.    Based on the Court's determination herein, there is no basis for the issuance of a certificate of appealability.


                      <u>S/Richard P. Conaboy</u>
                      RICHARD P. CONABOY
                      United States District Judge